IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

OCT 2 6 2005

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

TROY H. BRADFORD and GLORIA BRADFORD,
Individually and as Class Representatives on Behalf
Of All Similarly Situated Persons; and BOOKS, ETC.,
By and Through TROY and GLORIA BRADFORD,
Class Representatives on Behalf of All Those
Similarly Situated

PLAINTIFFS

VS.                          NO. 05-4075

UNION PACIFIC RAILROAD COMPANY,
A Delaware Corporation

DEFENDANT

## NOTICE OF REMOVAL

TO:   M. David Karnas                  Judy H. Langley, Clerk
      Bellovin & Karnas, P.C.          Miller County Circuit Court
      100 North Stone Avenue, Suite 1105   412 Laurel, Room 109
      Tucson, Arizona  85701          Texarkana, Arkansas  71854

      Roger W. Orlando
      Orlando & Kopelman, P.C.
      Decatur, County, Suite 400
      315 West Ponce De Leon Avenue
      Decatur, Georgia  30030

      R. Gary Nutter
      Dunn, Nutter & Morgan, LLP
      State Line Plaza, Box 8030, Suite 6
      Texarkana, Arkansas  71854-5945

Please take notice that the captioned case filed as Case No. CV-2005-385-2 in the Circuit

Court of Miller, Arkansas has been hereby removed to the United States District Court for the

Western District of Arkansas, Texarkana Division.  Defendant Union Pacific Railroad Company,

files this Notice of Removal and states, as grounds for removal, the following:

F:\HOME\UPRR\BRADFORD & KEMP\Bradford pleadings\Notice of Removal.doc



EXHIBIT
A

1.     On October 19, 2005 the Complaint in this action was filed in the Circuit Court of Miller County, Arkansas being case number CV-2005-385-2.  A copy of the Summons and the Complaint, which constitute all process, pleadings, and orders that have been served in such action to the date of this Notice of Removal, are attached to this Notice.

2.     The Defendant was served by certified mail received on October 24, 2005.  This Notice of Removal is being filed within thirty (30) days after receipt by the Defendant of a copy of the Summons and Complaint and is timely filed under 28 U.S.C. § 1446(b) and 1453(b).

3.     At the time of the filing of the Complaint the Plaintiffs were citizens of the State of Arkansas.

4.     At the time of the commencement of this suit and at the present time, Defendant, Union Pacific Railroad Company, was a Delaware corporation with its principal place of business located in the State of Nebraska.

5.     This action is a civil action in which Plaintiffs seek certification of a class action arising out of a rail car collision and explosion on October 15, 2005 in Texarkana, Arkansas. Plaintiffs seek to represent "thousands" of residents and seek damages for personal injury, economic loss, property damage and other damages.  Plaintiffs also seek medical monitoring and injunctive relief.

6.     This action is a civil action in which this court has original jurisdiction under 28 U.S.C. § 1332(d)(2) and is one which may be removed to this Court by Union Pacific pursuant to the provisions of 28 U.S.C. § 1446 and 1453(b), in that it is a putative class action in which the amount in controversy exceeds the sum or value of 5 Million Dollars, exclusive of interest and costs, and in which at least one member of the putative class is a citizen of a state different from at least one defendant.  Plaintiffs' allegations regarding the class satisfy the criteria for diversity

F:\HOME\UPRR\BRADFORD & KEMP\Bradford pleadings\Notice of Removal.doc

of citizenship set forth in § 1332(d)(2)(a).   The amount in controversy requirement of §

1332(d)(2) is satisfied because the amount in controversy exceeds the sum or value of 5 Million

Dollars, exclusive of interest and costs, according to the allegations of the Plaintiffs' Complaint.

7.   This action is one over which a federal district court has original jurisdiction in

that there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332,

and this case is removable under 28 U.S.C. § 1441(a) under the procedures set forth in 28 U.S.C.

§ 1446 and 1453(b).

8.   Removing Defendant has given written Notice of this Removal to federal district

court by filing copies of this notice of removal with the Circuit Court of Miller County,

Arkansas, and by mailing copies of this Notice of Removal to Plaintiffs' attorneys.

WHEREFORE, Defendant, Union Pacific Railroad Company, gives notice that this case

has been removed from the Circuit Court of Miller County, Arkansas, to the Federal District

Court for the Western District of Arkansas, Texarkana Division.

Respectfully Submitted,

KEVIN A. CRASS  (84029)
SCOTT H. TUCKER (87176)
2000 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas  72201-3493
(501) 376-2011
Crass@fec.net
Tucker@fec.net

Attorneys for Defendant,
Union Pacific Railroad Company

BY: _____
KEVIN A. CRASS

F:\HOME\UPRR\BRADFORD & KEMP\Bradford pleadings\Notice of Removal.doc

## CERTIFICATE OF SERVICE

I, Kevin A. Crass, hereby certify that on _____*October 26*_____, 2005, the foregoing was presented to the Clerk of Court *via* FedEx Delivery for filing and uploading to the CM/ECF system, and that a copy of the document were mailed, *via* United States Postal Service, to the following counsel of record:

M. David Karnas
Bellovin & Karnas, P.C.
100 North Stone Avenue, Suite 1105
Tucson, Arizona  85701
Attorney for Plaintiffs

Roger W. Orlando
Orlando & Kopelman, P.C.
Decatur, County, Suite 400
315 West Ponce De Leon Avenue
Decatur, Georgia  30030
Attorney for Plaintiffs

R. Gary Nutter
Dunn, Nutter & Morgan, LLP
State Line Plaza, Box 8030, Suite 6
Texarkana, Arkansas  71854-5945
Attorney for Plaintiffs

_____
KEVIN A. CRASS

F:\HOME\UPRR\BRADFORD & KEMP\Bradford pleadings\Notice of Removal.doc

*Recd 11-29-2005*
*WH Sutton*

# SUMMONS


ORIGINAL

## IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS

**PLAINTIFF:**  **TROY H. BRADFORD AND GLORIA BRADFORD, Individually and as Class Representatives on Behalf of All Similarly Situated Persons; and BOOKS ETC. by and through TROY AND GLORIA BRADFORD, Class Representatives on behalf of All those Similarly Situated**

**VS.**  **CAUSE NO.** *CU-2005- 385-2*

**DEFENDANT:**  **UNION PACIFIC RAILROAD COMPANY, A Delaware Corporation**

Plaintiffs' Attorney:  R. Gary Nutter
Suite 6, State Line Plaza, Box 8030
Texarkana, AR  71854-5945

**THE STATE OF ARKANSAS TO DEFENDANT:**

## N O T I C E

1.    You are hereby notified that a lawsuit has been filed against you.  The relief asked is stated in the attached Complaint.

2.    The attached Complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the Complaint unless you file a pleading and thereafter appear and present your defense.  Your pleading or answer must meet the following requirements:

      A. It must be in writing and otherwise comply with the Arkansas Rules of Civil Procedure.
      B. It must be filed in the office of the Miller County Circuit Clerk within  _-30-_  days from the day you were served with this Summons.

3.    If you desire to be represented by an Attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.

    **WITNESS** my hand and the seal of the Court on this  _19th_  day of October, 2005.

**Wanda Davis, Circuit Clerk**

By: _____CB_____
Deputy Clerk

ADDRESS OF CLERK'S OFFICE:
Miller County Courthouse
Texarkana, Arkansas   71854


EXHIBIT
A

# R E T U R N

**STATE OF ARKANSAS**

**COUNTY OF MILLER**

ON THIS _____ day of _____, 2005, at _____ o'clock \_\_\_\_\_.m., I have duly served the within Summons by delivering a copy thereof, together with a copy of the **PLAINTIFFS'S CLASS ACTION COMPLAINT** to:

_____,

such person being:

CHECK APPLICABLE:

_____ the person named therein as Defendant.

_____ a member of the Defendant's family above 15 years of age at Defendant's usual place of abode, namely: _____

_____ the duly designated agent for service of process for the Defendant, namely: _____

Other: _____

_____

SHERIFF

BY: _____, Deputy

FILED THE _____ DAY OF _____, 2005.

_____

CLERK

BY:_____
    Deputy Clerk

# DUNN, NUTTER & MORGAN, L.L.P.

-- ATTORNEYS AT LAW--
Practicing in Arkansas & Texas

WINFORD L. DUNN, JR.
R. GARY NUTTER
CHARLES A. MORGAN*
M. WADE KIMMEL
JAMES L. COOK
LISA MILLS WILKINS*
JAMES W. SMITH
MARK R. ADAMS

SUITE SIX
STATE LINE PLAZA, BOX 8030
TEXARKANA, ARKANSAS 71854-5945
ARK. TELEPHONE (870) 773-5651
TEX. TELEPHONE (903) 793-5651
TELECOPIER (870) 772-2037
*www.dnmlawfirm.com*
Email = *rgnutter@dnmlawfirm.com*

HAYES C. McCLERKIN (Of Counsel)

CHARLES M. CONWAY (1925-1976)
WILLIS B. SMITH (1903-1980)
JAMES N. NUTT (1949-1983)
A. G. SANDERSON, JR. (1912-1996)

* Board Certified-Residential Real Estate Law
  Texas Board of Legal Specialization
*Licensed in Arkansas Only

October 19, 2005

Certified Mail 7160 3901 9842 0137 9480
Return Receipt Requested
<u>Restricted Delivery</u>

Mr. William H. Sutton
Agent for Service of Process for
Union Pacific Railroad Company
400 West Capitol Avenue, Ste 2000
Little Rock, AR   72201

Re:    **Troy H. Bradford and Gloria Bradford, Individually and as Class Representatives on Behalf of All Similarly Situated Persons; and Books Etc., by and through Troy and Gloria Bradford, Class Representatives On Behalf of All Those Similarly Situated vs. Union Pacific Railroad Company; Miller County Circuit Court No. CV-2005-385-2**

Dear Mr. Sutton:

As one of the attorneys for the Plaintiffs in the above referenced lawsuit, I enclose to you a copy of the Plaintiffs' Class Action Complaint filed with the Court on October 19, 2005, along with a Summons issued by the Clerk of the Court.

Service of process is being completed upon you, as agent for service for Union Pacific Railroad Company, pursuant to Rule 4 of the Arkansas Rules of Civil Procedure.

You have thirty (30) days from your receipt hereof in which to answer or otherwise plead to the allegations of the Class Action Complaint. If you fail to do so, the Court may grant the Plaintiffs all relief requested in their Complaint without further notice to you.

Sincerely,

R. Gary Nutter

sh/205413/Encl.

copy w/encl:    Mr. Roger Orlando
                Mr. David Karnas

IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
CIVIL DIVISION

TROY H. BRADFORD AND GLORIA
BRADFORD, Individually and as Class
Representatives on Behalf of All
Similarly Situated Persons; and
BOOKS ETC., by and through TROY
AND GLORIA BRADFORD, Class
Representatives on Behalf of All Those
Similarly Situated;

PLAINTIFFS

VS.                              NO. CV-2005-385-2

UNION PACIFIC RAILROAD COMPANY
A Delaware Corporation                              DEFENDANT

(JURY TRIAL DEMANDED)

## CLASS ACTION COMPLAINT

### INTRODUCTION

Plaintiffs, by and through their attorneys, and pursuant to Ark.R.Civ.P. 23, bring this civil action on their own behalf and on behalf of the class they represent seeking injunctive relief and damages. This class action arises out of a rail car collision, explosion and chemical release on October 15, 2005, in Texarkana, Arkansas. Both rail cars involved in the collision were operated by Defendant Union Pacific Railroad Company. Upon information and belief, at approximately 5:00 a.m. on October 15, 2005, the operator of a Union Pacific train fell asleep and crashed the train he was operating into several rail cars causing a massive collision, explosion, fire, and chemical release into a nearby residential and business community. The chemical released from one of the rail cars that was part of the collision was extremely dangerous and ultra hazardous, and soon after the collision a toxic plume spread throughout the neighboring community. As the

chemical plume moved through the community it caused several explosions and intense fires incinerating homes and burning a local resident to death. Moreover, thousands of residents were evacuated, businesses were closed, and real and personal property was destroyed. Additionally, many residents in the area suffered personal injuries as a result of their exposure to the chemicals released in the accident, and property was contaminated necessitating clean up. Plaintiffs seek to secure redress from Defendant for personal injuries, economic losses, property damage, evacuation costs, and other damages suffered by Plaintiffs and members of the class they represent.

## PARTIES, JURISDICTION AND VENUE

### 1.

At all times material hereto, the events complained of herein all occurred in Miller County, Texarkana, Arkansas. All the Plaintiffs, the proposed class representatives, and prospective class members were all injured within Texarkana, Arkansas, County of Miller. The Plaintiffs bring this action in their individual capacities and as the class representatives for all those who are similarly situated in the County of Miller, City of Texarkana, and State of Arkansas. Plaintiffs and the putative class members are all victims of the Union Pacific Railroad disaster which occurred on October 15, 2005, in Texarkana, Arkansas.

### 2.

Defendant, Union Pacific Railroad Company, is a corporation doing business in the state of Arkansas, County of Miller. The principal place of business of Union Pacific Railroad Company is 1400 Douglas Street Omaha, Nebraska. Union Pacific Railroad Company may be served with process by serving its resident agent for service, William H. Sutton, 400 West Capitol Avenue, Suite 2000, Little Rock, Arkansas 72201.

*Class Action Complaint*

3.

The plaintiff representatives are located at the following addresses and represent the classes identified below:

Plaintiff, Troy Bradford is a long time resident of the area who resides at 307 Fairview, Texarkana, Arkansas. Mr. Bradford was rousted out of his home and evacuated at or about 5:00 a.m. on October 15, 2005. Mr. Bradford was forced to leave his home under duress and is bringing this action individually and on behalf of all others similarly situated in the following classes: (1) the personal injury class, (2) evacuation class; and (3) the property damage class.

Plaintiff, Books Etc. is located at 801 East Street, Texarkana Arkansas. Books Etc. is bringing this action by and through Troy Bradford, and on behalf of all others similarly situated in the following classes: (1) the economic loss/business loss class.

Plaintiff, Gloria Bradford is a long time resident of the area who resides at 307 Fairview, Texarkana, Arkansas. Ms. Bradford was rousted out of her home and forced to leave her home under duress and evacuated at or about 5:00 a.m. on October 15, 2005. Ms. Bradford is bringing this action individually and on behalf of all others similarly situated in the following classes: (1) the evacuation class; and (2) the property damage class.

4.

All Plaintiff members of the classes have been exposed to dangerous substances as described herein at either their residences, places of employment or other areas within the area of the class boundaries. The area that was affected by the releases on October 15, 2005, is generally defined as the geographical boundaries of and within the City of Texarkana, Arkansas.

5.

Defendant Union Pacific is a foreign Corporation with its principal place of business in a State other than Arkansas. However, Defendant does business on a regular basis within

*Class Action Complaint*

Texarkana, Miller County, Arkansas. In fact, it is Defendant's railroad operations within the town of Texarkana that are the subject of this Complaint. Defendant maintains an agent for the purposes of service of process in Little Rock, Arkansas. Defendant Union Pacific is subject to the jurisdiction of this court, and venue is proper in Miller County.

6.

The identities of the fictitious defendants are presently unknown. However, once the identity of these defendants is ascertained, Plaintiffs request leave to amend this Complaint.

## CLASS ACTION ALLEGATIONS

7.

This action is brought by the Plaintiffs, individually and in their representative capacities, as a class action on their own behalf and on behalf of all others similarly situated, under the provisions of Ark.R.Civ.P. § 23.

8.

Plaintiffs seek monetary damages to compensate Plaintiffs and members of Plaintiffs' class for personal injuries, property loss, evacuation costs, loss of use, value, and enjoyment of their property; for loss of quality of life; for economic losses including lost income and business losses; for the costs of clean up and remediation; along with other equitable relief and damages subordinate thereto; and for all costs, expert witness fees, and attorneys' fees.

9.

Plaintiffs seek exemplary and punitive damages because Defendant's actions were wanton, willful, and grossly negligent and carried out by ignoring the potential for harm to others.

10.

The class so represented by the named Plaintiffs in this action, of which the Plaintiffs themselves are members, is defined as follows: all persons who were proximately located,

*Class Action Complaint*

between State Line Avenue, 9th Street, Chrysler Boulevard, Ida Street/Forest Street, from October 15, 2005 from about 5:00 a.m. until October 16, 2005. The class as so defined is located solely within the town of Texarkana, Arkansas. The class as described is also referred to as the "affected area." The precise geographic boundaries of the affected area from the chemical release at the facility are not yet completely developed, however, each of the named class representatives were within the affected area, as it presently is known, during the time frames indicated above.

11.

Each of the classes within the contaminated area are further defined as follows:

(1)     The property damage class. This class is represented by the aforementioned plaintiffs, and is defined as those persons who have or will have clean up costs, and repair and/or remediation costs arising out of the collision, chemical release, explosion, and fire.

(2)     Property evacuation class. This class is represented by the aforementioned plaintiffs and is defined as all persons with a possessory interest in property from October 15, 2005, to present located within the affected area, who have lost the use and enjoyment of their real property as a result of the incident, and/or who had been evacuated/forced to leave their property, or were forced to shelter in place, as a result of the incident.

(3)     The property clean up class. This class is represented by the aforementioned Plaintiffs and includes all persons with a possessory interest in property from October 15, 2005, to present located within the affected area and whose property requires clean up as a result of the incident.

(4)     The economic loss class. This class is represented by the aforementioned plaintiffs and consists of all persons who have sustained an economic loss from the fire including those with a possessory interest in a business operation, and who have suffered lost income, lost

*Class Action Complaint*

*Page 5*

wages, and other economic losses as a result of the incident which is the subject of this Complaint.

## 12.

The exact number of the members of the above class, as identified and described above is not known, but is estimated to be in the thousands. The class is sufficiently numerous that joinder of individual members in this action is impracticable.

Common questions of law and fact predominate with respect to the issues raised herein. The only individual questions affecting individual members of the class are the precise amount and measure of damages to which each class member is entitled. There are many common questions of law and fact with respect to the class regarding Defendant's liability for the incident, including but not limited to: (1) the cause and origin of the incident, (2) the violations of the applicable rules, codes and regulations,(3) the violations of the standard of care, (4) Defendant's negligence and failure to supervise, train and otherwise manage employees who are responsible for the collision, (5) failure to implement and follow safe operations procedures, 6) failure to promptly notify emergency personnel regarding an incident and to mitigate, evacuate, warn and otherwise preventing the chemical release at issue from becoming a catastrophic event; and (7) Defendant's liability for punitive damages.

The claims of the representative Plaintiffs are typical of the claims of all class members. The claims of all members of the classes including the Plaintiffs, depends on the showing that the acts and omissions of the Defendant gave rise to the rights of Plaintiffs to the relief sought herein, and in showing that the injuries to the Plaintiffs were caused by said acts and omissions of the Defendant. Each Plaintiff was injured in a common manner by the Defendant. There is no conflict between any individually named Plaintiff and any other members of the class with respect to this action, or with respect to any or all of the claims for relief herein set forth.

*Class Action Complaint*

Plaintiffs will fairly and adequately protect the interests of the class which they represent. The interests of the class representatives are consistent with those of the other members of the class. In addition, Plaintiffs are represented by experienced and able counsel, who have expertise in the areas of environmental law, railroad law, tort law, trial practice, and class action representation.

The class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

## GENERAL FACTUAL ALLEGATIONS

### 13.

In the early morning hours (on or about 5:00 a.m.) on October 15, 2005, Defendant crashed a train it was operating into its own rail cars. Upon information and belief, the operator of the Union Pacific train fell asleep and then drove his train into the back of several rail cars causing a massive collision, explosion, fire, and chemical release into a nearby residential and business community. The chemical released from one of the rail cars that was part of the collision was extremely dangerous and ultra hazardous. Poisonous chemical clouds emanated from the area where the accident occurred and spread throughout the surrounding community. This dangerous chemical plume then ignited in a ball of fire consuming homes and incinerating a local resident to death. Emergency response personnel rousted nearby sleeping residents out of their beds who fled their homes in a panic under extreme emotional and mental duress. Thousands of affected residents evacuated in droves while business operations were interrupted. Economic loss was widespread and both real and personal property was destroyed. Some of the residents exposed to the deadly chemical sustained personal injuries and property damage.

*Class Action Complaint*

Some or all of the dangerous chemicals involved in the accident were released suddenly into the surrounding area causing a nuisance, and trespassed into and upon the residences and property of the Plaintiffs named herein and members of the class they represent.

Upon information and belief, Defendant had actual notice that an accident similar to the accident that caused the injuries herein would occur. In the alternative, Defendant had constructive notice that an accident similar to the incident that caused the injuries herein would occur. However, Defendant did nothing to prevent said accident from occurring and in fact engaged in a course of conduct in conscious disregard for the safety, health, and well being of others. The collision, explosion, fire, and release of chemicals in this incident was caused solely and completely by the negligence of Defendant:

i.  In the process of its operations, the Defendant caused to be discharged into the affected area, toxic and hazardous chemicals which proximately caused damages to Plaintiffs and members of their class.

ii.  The escape and spread of toxic and hazardous fumes into the affected area presented an immediate and substantial threat to public health and the environment necessitating the evacuation of area residents and the closing of local businesses.

iii.  Upon information and belief, past and present residents of the area who have been exposed have suffered and continue to suffer great discomfort, illness, disease and emotional strain due to the exposure to toxic and hazardous chemicals emanating from the Defendant's operation. The contamination has had, _inter alia_, the following effects:

i.  The personal lives of Plaintiffs and members of the class they represent have been disrupted and will continue to be disrupted;

ii.  Plaintiffs and the members of the class they represent have incurred and will continue to incur out-of-pocket expenses due to evacuation, property remediation, and clean

_Class Action Complaint_

_Page 8_

up.

      iii.    Plaintiffs and the members of the class they represent have suffered property damage and the loss of use and enjoyment of their lands and properties;

      iv.    The full extent of the economic and personal injuries sustained by Plaintiffs and the members of the class they represent is presently unknown to Plaintiffs, however, the area must be restored to its former condition so as to create suitable and liveable conditions and to further facilitate the restoration of the livelihoods and operations of the Plaintiffs and the class members they represent to their former state and condition prior to the contamination of the surrounding environment;

      v.    Plaintiffs and members of the class they represent who own or operate businesses have lost revenue therefrom.

14.

Any and all negligent acts and/or omissions alleged within this Complaint were caused by Defendant and/or its agent, employee, or representative who was acting within the course and scope of his/her employment with Defendant. Defendant is liable for the negligent acts or omissions of its agents and employees by virtue of the Doctrine of Respondeat Superior.

## COUNT ONE - NUISANCE

15.

Plaintiffs repeat and reallege all allegations contained in the previous Courts and Paragraphs as if set forth more fully herein.

16.

Through its acts and omissions in allowing toxic and hazardous chemicals to enter upon Plaintiffs' homes and property, Defendant has created and maintained a continuing nuisance upon such property described in the foregoing Paragraphs by negligently operating its rail cars in such

*Class Action Complaint*

a way as to allow a nuisance to continue and spread to surrounding areas; said nuisance was injurious to the health and well being of the Plaintiffs.

### 17.

Defendant has maintained a nuisance in the area described in the previous Paragraphs herein above, by allowing said property to exist in a dangerous and hazardous condition, to wit, in a condition where toxic and hazardous chemicals and substances which Defendant stored and handled escaped from their site containment and spread to area causing serious injury to persons coming into contact with same, all of which were injurious to the health and well being of the Plaintiffs and members of the class they represent. Said nuisance forced the evacuation of Plaintiffs and members of the class they represent.

### 18.

Said nuisance continues to this day and adversely has impacted the life and health of the Plaintiffs, interfered with the comfortable use and enjoyment of life and property, have diminished Plaintiffs' property values, and has thereby created a common law nuisance for reasons of which Defendant is liable to the Plaintiffs and the members of the class they represent.

### 19.

By reason of the foregoing, Plaintiffs and members of Plaintiffs' class have been damaged by Defendant and request relief as more fully set forth in the Ad Damnum clause below.

### COUNT TWO - TRESPASS

### 20.

Plaintiffs repeat and reallege all allegations contained in the previous Courts and Paragraphs as if set forth more fully herein.

*Class Action Complaint*

21.

By reason of the foregoing, the Defendant caused and allowed toxic and hazardous chemicals to escape from its place of business, to migrate and to spread to surrounding areas, including the homes and properties of the Plaintiffs and members of the class they represent, contaminating and causing a nuisance to exist in said areas, all as alleged above, and further to trespass on the property and into the dwelling place and businesses of the Plaintiffs which was injurious to the health and well being of the Plaintiffs, and constituted a personal trespass upon the Plaintiffs and members of the class they represent.

22.

Said trespass continues to this day and has adversely impacted the life and health of the Plaintiffs, for reasons of which Defendants are liable to the Plaintiffs and the members of the class they represent.

23.

By reason of the foregoing, Plaintiffs and members of Plaintiffs' class have been damaged by Defendant and request relief as more fully set forth in the Ad Damnum clause below.

## COUNT THREE - NEGLIGENCE

24.

Plaintiffs repeat and reallege all allegations contained in the previous Courts and Paragraphs as if set forth more fully herein.

25.

Upon information and belief, at all times while Defendant owned and/or operated said rail cars, Defendant knew or in the exercise of reasonable care should have known that toxic and hazardous substances, chemicals and chemical waste materials were present which were capable

of causing serious injury and disease to persons coming into contact with the same and that said chemicals were capable of escaping and spreading and contaminating said property and the surrounding area in the event of an accident.

26.

In the process of operating its business and in storing and handling large quantities of toxic and hazardous substances, Defendant created a foreseeable risk of harm to the Plaintiffs which Defendant knew or in the exercise of reasonable care should have known and should have, but failed to guard or warn against.

27.

The damages sustained by Plaintiffs and members of the various classes they represent as herein above alleged were proximately caused wholly and solely as a consequence of the carelessness and negligence of the Defendant in negligently operating its rail cars and allowing toxic and hazardous substances and chemicals to be stored in an unsafe manner, and in failing to take all due and proper measures to prevent said substances and chemicals and chemical products present from spreading and contaminating the surrounding area, and in failing to properly operate its rail cars and neglecting to monitor the safe operation of its rail cars by those who were subject to fatigue. Plaintiffs and members of the classes they represent were foreseeable victims of the negligent operation of the rail cars at issue herein and likely to sustain damages as a consequence of residing in proximity to same.

28.

Defendant owed Plaintiffs and all class members herein a duty of care. This duty of care is defined by common law and statutory rules, codes, and regulations. Defendant breached these duties defined by statute, code, rule, regulation and common law. Defendant's breach of the aforementioned duties owed to Plaintiffs proximately caused harm to Plaintiffs and members of

the classes they represent. Plaintiffs, including all putative class members, were damaged by Defendant's negligence and in no way contributed to the injuries and damages they sustained as herein alleged.

29.

Defendant's acts were wanton, willful, and were carried out by ignoring the potential for great risk of harm to Plaintiffs justifying an award of punitive damages.

30.

By reason of the foregoing, Plaintiffs and members of Plaintiffs' class have been damaged by Defendant and request relief as more fully set forth in the Ad Damnum clause below.

## COUNT FOUR- NEGLIGENCE PER SE

31.

Plaintiffs repeat and reallege all allegations contained in the previous Courts and Paragraphs as if set forth more fully herein.

32.

The Defendant owed Plaintiffs and members of the class they represent, a duty of care as defined by federal, state, and local statutes, rules, codes and regulations.

33.

Defendant breached the duties of care defined by statutes, rules, codes and regulations owed to Plaintiffs and members of the class they represent.

34.

Plaintiffs and all class members are in the class sought to be protected by the applicable statutes, rules, and regulations, and the type of damages suffered by Plaintiffs and members of the class they represent are the type of harm sought to be prevented by the statutes, rules, codes

*Class Action Complaint*

and regulations.

### 35.

The statutes, rules, codes and regulations clearly define the Defendant's expected duties, conduct, and obligations thereunder, and Defendant has knowingly and wantonly ignored these clear directives.

### 36.

Defendant's acts are wanton, willful, and reckless and were carried out with a conscious disregard for the potential effects on Plaintiffs and the members of the class they represent.

### 37.

By reason of the foregoing, Plaintiffs and members of Plaintiffs' class have been damaged by Defendant and request relief as more fully set forth in the Ad Damnum clause below.

## COUNT FIVE- STRICT LIABILITY

### 38.

Plaintiffs repeat and reallege all allegations contained in the previous Courts and Paragraphs as if set forth more fully herein.

### 39.

Defendant was the operator of rail cars that contained abnormally dangerous and/or extremely hazardous chemicals.

### 40.

By virtue of the chemicals contained therein, said rail cars were inherently dangerous and subject to combustion, explosion and rupture as herein occurred , regardless of the precautions employed by Defendant.

### 41.

Defendant could not conduct the operation of the rail cars in complete safety and

*Class Action Complaint*

*Page 14*

Plaintiffs and members of the class were at risk of harm.

42.

As a direct and proximate result of Defendant's inherently dangerous, extremely hazardous and abnormally dangerous activities, Plaintiffs and members of their class have been damaged as more fully and completely described in the Ad Damnum clause below.

## AD DAMNUM CLAUSE

WHEREFORE, Plaintiffs and members of Plaintiffs' class pray that they be awarded the following relief:

i.     Reasonable and just compensatory damage for evacuation and the loss and use and enjoyment of their property and the diminution of value of real property belonging to Plaintiffs and members of Plaintiffs' class within the areas affected by the fire, explosion and chemical release;

ii.    All expenses and economic losses, including but not limited to, out-of-pocket expenses for clean up and remediation, business losses, loss of income, and disruption of Plaintiffs and members of Plaintiffs' class' lives;

iii.   Medical Monitoring so that Plaintiffs can participate in a health surveillance program that can detect the manifestation of illness from their exposure to Defendant's chemical release;

iv.    Reasonable and just damages for nuisance, inconvenience and disruption of the lives of Plaintiffs and members of Plaintiffs' class;

v.     Appropriate attorney fees and costs and expenses incurred in connection with the litigation of this matter;

vi.    For an injunction requiring Defendant to clean and remediate and make safe Plaintiffs' homes, businesses, and places of employment so that Plaintiffs are not continually re-

*Class Action Complaint*

exposed to the products of combustion and hazardous substances.

vii.    That Summons and process issue as to Defendant and that Defendant be served Summons and a copy of this Complaint as required by law and that Defendant be required to appear and answer;

viii.   That this case be certified as a class action pursuant to Rule 23 of the Arkansas Rules of Civil Procedure;

ix.     Plaintiffs demand a trial by jury; and

x.      For such other and further relief as this Court may deem just, proper and equitable.

Respectfully Submitted,

M. David Karnas
BELLOVIN & KARNAS, P.C.
100 North Stone Avenue, Suite 1105
Tucson, AZ  85701
Telephone: 520-571-9700
Telecopier: 520-571-8556

Roger W. Orlando
ORLANDO & KOPELMAN, P.C.
Decatur County, Suite 400
315 West Ponce De Leon Avenue
Decatur, GA  30030
Telephone: 404-373-1800
Telecopier: 404-373-6999
Email: roger@orlandokopelman.com

DUNN, NUTTER & MORGAN, LLP
State Line Plaza - Box 8030 - Suite Six
Texarkana, Arkansas 71854-5945
Telephone: 870-773-5651
Telecopier: 870-772-2037
Email: rgnutter@dnmlawfirm.com

By: _R. Gary Nutter_____

        R. Gary Nutter
        Arkansas Bar No. 71058

ATTORNEYS FOR PLAINTIFFS

IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
CIVIL DIVISION

**TROY H. BRADFORD AND GLORIA**                    PLAINTIFFS
**BRADFORD, Individually and as Class**
**Representatives on Behalf of All**
**Similarly Situated Persons; and**
**BOOKS ETC., by and through TROY**
**AND GLORIA BRADFORD, Class**
**Representatives on Behalf of All Those**
**Similarly Situated;**

**VS.**                          NO. CV-2005-385-2

**UNION PACIFIC RAILROAD COMPANY**                DEFENDANTS
**A Delaware Corporation, and J. L. GORDAN,**
**an Arkansas Resident**

(JURY TRIAL DEMANDED)

## FIRST AMENDED CLASS ACTION COMPLAINT

### INTRODUCTION

Plaintiffs, by and through their attorneys, and pursuant to Ark.R.Civ.P. 23, bring this
civil action on their own behalf and on behalf of the class they represent seeking injunctive relief
and damages. This class action arises out of a rail car collision, explosion and chemical release on
October 15, 2005, in Texarkana, Arkansas. Both rail cars involved in the collision were operated
by Defendant Union Pacific Railroad Company. Upon information and belief, at approximately
5:00 a.m. on October 15, 2005, the operator of a Union Pacific train fell asleep and crashed the
train he was operating into several rail cars causing a massive collision, explosion, fire, and
chemical release into a nearby residential and business community. The chemical released from
one of the rail cars that was part of the collision was extremely dangerous and ultra hazardous,
and soon after the collision a toxic plume spread throughout the neighboring community. As the

chemical plume moved through the community it caused several explosions and intense fires incinerating homes and burning a local resident to death. Moreover, thousands of residents were evacuated, businesses were closed, and real and personal property was destroyed. Additionally, many residents in the area suffered personal injuries as a result of their exposure to the chemicals released in the accident, and property was contaminated necessitating clean up. Plaintiffs seek to secure redress from Defendant for personal injuries, economic losses, property damage, evacuation costs, and other damages suffered by Plaintiffs and members of the class they represent.

## PARTIES, JURISDICTION AND VENUE

### 1.

At all times material hereto, the events complained of herein all occurred in Miller County, Texarkana, Arkansas. All the Plaintiffs, the proposed class representatives, and prospective class members were all injured within Texarkana, Arkansas, County of Miller. The Plaintiffs bring this action in their individual capacities and as the class representatives for all those who are similarly situated in the County of Miller, City of Texarkana, and State of Arkansas. Plaintiffs and the putative class members are all victims of the Union Pacific Railroad disaster which occurred on October 15, 2005, in Texarkana, Arkansas.

### 2.

Defendant, Union Pacific Railroad Company, is a corporation doing business in the state of Arkansas, County of Miller. The principal place of business of Union Pacific Railroad Company is 1400 Douglas Street Omaha, Nebraska. Union Pacific Railroad Company may be served with process by serving its resident agent for service, William H. Sutton, 400 West Capitol Avenue, Suite 2000, Little Rock, Arkansas 72201.

Defendant J. L. Gordan is a resident of the state of Arkansas, and upon information and

belief was the engineer of the train that caused the accident at issue. All allegations in this Amended Class Action Complaint are alleged against J. L. Gordan. Defendant J. L. Gordan may be served with process at his residence within the state of Arkansas.

**3.**

The plaintiff representatives are located at the following addresses and represent the classes identified below:

Plaintiff, Troy Bradford is a long time resident of the area who resides at 307 Fairview, Texarkana, Arkansas. Mr. Bradford was rousted out of his home and evacuated at or about 5:00 a.m. on October 15, 2005. Mr. Bradford was forced to leave his home under duress and is bringing this action individually and on behalf of all others similarly situated in the following classes: (1) the personal injury class, (2) evacuation class; and (3) the property damage class.

Plaintiff, Books Etc. is located at 801 East Street, Texarkana, Arkansas. Books Etc. is bringing this action by and through Troy Bradford, and on behalf of all others similarly situated in the following classes: (1) the economic loss/business loss class.

Plaintiff, Gloria Bradford is a long time resident of the area who resides at 307 Fairview, Texarkana, Arkansas. Ms. Bradford was rousted out of her home and forced to leave her home under duress and evacuated at or about 5:00 a.m. on October 15, 2005. Ms. Bradford is bringing this action individually and on behalf of all others similarly situated in the following classes: (1) the evacuation class; and (2) the property damage class.

**4.**

All Plaintiff members of the classes have been exposed to dangerous substances as described herein at either their residences, places of employment or other areas within the area of the class boundaries.   The area that was affected by the releases on October 15, 2005, is generally defined as the geographical boundaries of and within the City of Texarkana, Arkansas,

as more specifically defined in paragraph No. 10 below.

### 5.

Defendant Union Pacific is a foreign Corporation with its principal place of business in a State other than Arkansas. However, Defendant does business on a regular basis within Texarkana, Miller County, Arkansas. In fact, it is Defendants' railroad operations within the town of Texarkana that are the subject of this Complaint. Defendant maintains an agent for the purposes of service of process in Little Rock, Arkansas. Defendant Union Pacific is subject to the jurisdiction of this court, and venue is proper in Miller County. Defendant J. L. Gordan operated the subject train within Miller County, Arkansas. Defendant J. L. Gordan is subject to the jurisdiction of this court, and venue is proper in Miller County, Arkansas.

### 6.

The identities of the fictitious defendants are presently unknown. However, once the identity of these defendants is ascertained, Plaintiffs request leave to amend this Complaint.

## CLASS ACTION ALLEGATIONS

### 7.

This action is brought by the Plaintiffs, individually and in their representative capacities, as a class action on their own behalf and on behalf of all others similarly situated, under the provisions of Ark.R.Civ.P. § 23.

### 8.

Plaintiffs seek monetary damages to compensate Plaintiffs and members of Plaintiffs' class for personal injuries, property loss, evacuation costs, loss of use, value, and enjoyment of their property; for loss of quality of life; for economic losses including lost income and business losses; for the costs of clean up and remediation; along with other equitable relief and damages subordinate thereto; and for all costs, expert witness fees, and attorneys' fees.

**9.**

Plaintiffs seek exemplary and punitive damages because Defendants' actions were wanton, willful, and grossly negligent and carried out by ignoring the potential for harm to others.

**10.**

The class so represented by the named Plaintiffs in this action, of which the Plaintiffs themselves are members, is defined as follows: all persons who were proximately located, between State Line Avenue, 9th Street, Chrysler Boulevard, Ida Street/Forest Street, from October 15, 2005 from about 5:00 a.m. until October 16, 2005. The class as so defined is located solely within the town of Texarkana, Arkansas. The class as described is also referred to as the "affected area." The precise geographic boundaries of the affected area from the chemical release at the facility are not yet completely developed, however, each of the named class representatives were within the affected area, as it presently is known, during the time frames indicated above.

**11.**

Each of the classes within the contaminated area are further defined as follows:

(1)     The property damage class. This class is represented by the aforementioned plaintiffs, and is defined as those persons who have or will have clean up costs, and repair and/or remediation costs arising out of the collision, chemical release, explosion, and fire.

(2)     Property evacuation class. This class is represented by the aforementioned plaintiffs and is defined as all persons with a possessory interest in property from October 15, 2005, to present located within the affected area, who have lost the use and enjoyment of their real property as a result of the incident, and/or who had been evacuated/forced to leave their property, or were forced to shelter in place, as a result of the incident.

(3)     The property clean up class. This class is represented by the aforementioned

Plaintiffs and  includes  all persons with a possessory interest in property  from October 15, 2005, to present located within the affected area and whose property requires clean up as a result of the incident.

(4)    The economic loss class.    This class is represented by  the aforementioned plaintiffs and consists of  all persons who have sustained an economic loss from the fire including those with a possessory interest in a business operation, and who have suffered lost income, lost wages, and other economic losses as a result of  the incident which is the subject of this Complaint.

## 12.

The  exact number of the members of the above class, as identified and described above is not known, but is estimated to be in the thousands.  The class is sufficiently numerous that joinder of individual members in this action is impracticable.

Common questions of law and fact predominate with respect to the issues raised herein. The only  individual questions affecting individual members of the class are the precise amount and measure of damages to which each class member is entitled.  There are many common questions of law and fact with respect to the class regarding Defendants' liability for the incident, including but not limited to:  (1) the cause and origin of the incident, (2) the violations of the applicable rules, codes and regulations,(3) the violations of  the standard of care, (4) Defendants' negligence and  failure to supervise, train and otherwise manage employees who are responsible for the collision, (5) failure to implement and follow safe operations procedures, 6) failure to promptly notify emergency personnel regarding an incident and to mitigate, evacuate, warn and otherwise preventing the chemical release at issue from becoming a catastrophic event; and (7) Defendants' liability for punitive damages.

The claims of the representative Plaintiffs are typical of the claims of all class members.

The claims of all members of the classes including the Plaintiffs, depends on the showing that the acts and omissions of the Defendant gave rise to the rights of Plaintiffs to the relief sought herein, and in showing that the injuries to the Plaintiffs were caused by said acts and omissions of the Defendants. Each Plaintiff was injured in a common manner by the Defendants. There is no conflict between any individually named Plaintiff and any other members of the class with respect to this action, or with respect to any or all of the claims for relief herein set forth.

Plaintiffs will fairly and adequately protect the interests of the class which they represent. The interests of the class representatives are consistent with those of the other members of the class. In addition, Plaintiffs are represented by experienced and able counsel, who have expertise in the areas of environmental law, railroad law, tort law, trial practice, and class action representation.

The class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

## GENERAL FACTUAL ALLEGATIONS

### 13.

In the early morning hours (on or about 5:00 a.m.) on October 15, 2005, Defendants crashed a train they were operating into its own rail cars. Upon information and belief, the operator of the Union Pacific train fell asleep and then drove his train into the back of several rail cars causing a massive collision, explosion, fire, and chemical release into a nearby residential and business community. The chemical released from one of the rail cars that was part of the collision was extremely dangerous and ultra hazardous. Poisonous chemical clouds emanated from the area where the accident occurred and spread throughout the surrounding community. This dangerous chemical plume then ignited in a ball of fire consuming homes and incinerating a

local resident to death.  Emergency response personnel rousted nearby sleeping residents out of their beds who fled their homes in a panic under extreme emotional and mental duress. Thousands of affected residents evacuated in droves while business operations were interrupted. Economic loss was widespread and both real and personal property was destroyed. Some of the residents exposed to the deadly chemical sustained personal injuries and property damage. Some or all of the dangerous chemicals involved in the accident were released suddenly into the surrounding area causing a nuisance, and trespassed into and upon the residences and property of the Plaintiffs named herein and members of the class they represent.

Upon information and belief, Defendant had actual notice that an accident similar to the accident that caused the injuries herein would occur. In the alternative, Defendant had constructive notice that an accident similar to the incident that caused the injuries herein would occur. However, Defendant did nothing to prevent said accident from occurring and in fact engaged in a course of conduct in conscious disregard for the safety, health, and well being of others.  The collision, explosion, fire, and release of chemicals in this incident was caused solely and completely by the negligence of Defendants:

i.      In the process of its operations, the Defendants caused to be discharged into the affected area, toxic and hazardous chemicals which proximately caused damages to Plaintiffs and members of their class.

ii.     The escape and spread of toxic and hazardous fumes into the affected area presented an immediate and substantial threat to public health and the environment necessitating the evacuation of area residents and the closing of local businesses.

iii.    Upon information and belief, past and present residents of the area who have been exposed have suffered and continue to suffer great discomfort, illness, disease and emotional strain due to the exposure to toxic and hazardous chemicals emanating from the Defendants'

operation.  The contamination has had, <u>inter alia</u>, the following effects:

       i.     The personal lives of Plaintiffs and members of the class they represent have been disrupted and will continue to be disrupted;

      ii.     Plaintiffs and the members of the class they represent have incurred and will continue to incur out-of pocket expenses due to evacuation,  property remediation, and clean up.

      iii.     Plaintiffs and the members of the class they represent have suffered property damage and the loss of use and enjoyment of their lands and properties;

      iv.     The full extent of the economic and personal injuries sustained by Plaintiffs and the members of the class they represent is presently unknown to Plaintiffs, however, the area must be restored to its former condition so as to create suitable and liveable conditions and to further facilitate the restoration of the livelihoods and operations of the Plaintiffs and the class members they represent to their former state and condition prior to the contamination of the surrounding environment;

      v.     Plaintiffs and members of the class they represent who own or operate businesses have lost revenue therefrom.

**14.**

Any and all negligent acts and/or omissions alleged within this Complaint were caused by Defendant Union Pacific and/or its agent, employee, or representative who was acting within the course and scope of his/her employment with Defendant. Defendant Union Pacific is liable for the negligent acts or omissions of its agents and employees by virtue of the Doctrine of Respondeat Superior.

## COUNT ONE -NUISANCE

### 15.

Plaintiffs repeat and reallege all allegations contained in the previous Counts and Paragraphs as if set forth more fully herein.

### 16.

Through its acts and omissions in allowing toxic and hazardous chemicals to enter upon Plaintiffs' homes and property, Defendants have created and maintained a continuing nuisance upon such property described in the foregoing Paragraphs by negligently operating its rail cars in such a way as to allow a nuisance to continue and spread to surrounding areas; said nuisance was injurious to the health and well being of the Plaintiffs.

### 17.

Defendant has maintained a nuisance in the area described in the previous Paragraphs herein above, by allowing said property to exist in a dangerous and hazardous condition, to wit, in a condition where toxic and hazardous chemicals and substances which Defendant stored and handled escaped from their site containment and spread to area causing serious injury to persons coming into contact with same, all of which were injurious to the health and well being of the Plaintiffs and members of the class they represent. Said nuisance forced the evacuation of Plaintiffs and members of the class they represent.

### 18.

Said nuisance continues to this day and adversely has impacted the life and health of the Plaintiffs, interfered with the comfortable use and enjoyment of life and property, have diminished Plaintiffs' property values, and has thereby created a common law nuisance for reasons of which Defendants are liable to the Plaintiffs and the members of the class they represent.

**19.**

By reason of the foregoing, Plaintiffs and members of Plaintiffs' class have been damaged by Defendants and request relief as more fully set forth in the Ad Damnum clause below.

## COUNT TWO - TRESPASS

**20.**

Plaintiffs repeat and reallege all allegations contained in the previous Counts and Paragraphs as if set forth more fully herein.

**21.**

By reason of the foregoing, the Defendants caused and allowed toxic and hazardous chemicals to escape from its place of business, to migrate and to spread to surrounding areas, including the homes and properties of the Plaintiffs and members of the class they represent, contaminating and causing a nuisance to exist in said areas, all as alleged above, and further to trespass on the property and into the dwelling place and businesses of the Plaintiffs which was injurious to the health and well being of the Plaintiffs, and constituted a personal trespass upon the Plaintiffs and members of the class they represent.

**22.**

Said trespass continues to this day and has adversely impacted the life and health of the Plaintiffs, for reasons of which Defendants are liable to the Plaintiffs and the members of the class they represent.

**23.**

By reason of the foregoing, Plaintiffs and members of Plaintiffs' class have been damaged by Defendants and request relief as more fully set forth in the Ad Damnum clause below.

## COUNT THREE - NEGLIGENCE

### 24.

Plaintiffs repeat and reallege all allegations contained in the previous Counts and Paragraphs as if set forth more fully herein.

### 25.

Upon information and belief, at all times while Defendant owned and/or operated said rail cars, Defendant knew or in the exercise of reasonable care should have known that toxic and hazardous substances, chemicals and chemical waste materials were present which were capable of causing serious injury and disease to persons coming into contact with the same and that said chemicals were capable of escaping and spreading and contaminating said property and the surrounding area in the event of an accident.

### 26.

In the process of operating its business and in storing and handling large quantities of toxic and hazardous substances, Defendant created a foreseeable risk of harm to the Plaintiffs which Defendant knew or in the exercise of reasonable care should have known and should have, but failed to guard or warn against.

### 27.

The damages sustained by Plaintiffs and members of the various classes they represent as herein above alleged were proximately caused wholly and solely as a consequence of the carelessness and negligence of Defendant in negligently operating its rail cars and allowing toxic and hazardous substances and chemicals to be stored in an unsafe manner, and in failing to take all due and proper measures to prevent said substances and chemicals and chemical products present from spreading and contaminating the surrounding area, and in failing to properly operate its rail cars and neglecting to monitor the safe operation of its rail cars by those who were subject to

fatigue.  Plaintiffs and members of the classes they represent  were foreseeable victims of the negligent operation of the rail cars at issue herein and likely to  sustain damages as a consequence of residing in proximity to same.

28.

Defendants owed Plaintiffs and all class members herein a duty of care. This duty of care is defined by common law and statutory rules, codes, and regulations.  Defendant breached these duties defined by statute, code, rule, regulation and common law.  Defendants' breach of the aforementioned duties owed to Plaintiffs proximately caused harm to Plaintiffs and members of the classes they represent.  Plaintiffs, including all putative class members, were damaged by Defendants' negligence and  in no way contributed to the injuries and damages they sustained as herein alleged.

29.

Defendants' acts were wanton, willful, and were carried out by ignoring the potential for great risk of harm to Plaintiffs justifying an award of punitive damages.

30.

By reason of the foregoing, Plaintiffs and members of Plaintiffs' class have been damaged by Defendants and request relief as more fully set forth in the Ad Damnum clause below.

**COUNT FOUR- NEGLIGENCE PER SE**

31.

Plaintiffs repeat and reallege all allegations contained in the previous Courts and Paragraphs as if set forth more fully herein.

32.

Defendants owed Plaintiffs and members of the class they represent, a duty of care as defined by federal, state, and local  statutes, rules, codes and regulations.

**33.**

Defendants breached the duties of care defined by statutes, rules, codes and regulations owed to Plaintiffs and members of the class they represent.

**34.**

Plaintiffs and all class members are in the class sought to be protected by the applicable statutes, rules, and regulations, and the type of damages suffered by Plaintiffs and members of the class they represent are the type of harm sought to be prevented by the statutes, rules, codes and regulations.

**35.**

The statutes, rules, codes and regulations clearly define Defendants' expected duties, conduct, and obligations thereunder, and Defendants have knowingly and wantonly ignored these clear directives.

**36.**

Defendants' acts are wanton, willful, and reckless and were carried out with a conscious disregard for the potential effects on Plaintiffs and the members of the class they represent.

**37.**

By reason of the foregoing, Plaintiffs and members of Plaintiffs' class have been damaged by Defendants and request relief as more fully set forth in the Ad Damnum clause below.

## COUNT FIVE- STRICT LIABILITY

**38.**

Plaintiffs repeat and reallege all allegations contained in the previous Counts and Paragraphs as if set forth more fully herein.

**39.**

Defendant was the operator of rail cars that contained abnormally dangerous and/or

extremely hazardous chemicals.

### 40.

By virtue of the chemicals contained therein, said rail cars were inherently dangerous and subject to combustion, explosion and rupture as herein occurred, regardless of the precautions employed by Defendant.

### 41.

Defendant could not conduct the operation of the rail cars in complete safety and Plaintiffs and members of the class were at risk of harm.

### 42.

As a direct and proximate result of Defendants' inherently dangerous, extremely hazardous and abnormally dangerous activities, Plaintiffs and members of their class have been damaged as more fully and completely described in the Ad Damnum clause below.

### AD DAMNUM CLAUSE

**WHEREFORE,** Plaintiffs and members of Plaintiffs' class pray that they be awarded the following relief:

i.    Reasonable and just compensatory damage for evacuation and the loss and use and enjoyment of their property and the diminution of value of real property belonging to Plaintiffs and members of Plaintiffs' class within the areas affected by the fire, explosion and chemical release;

ii.    All expenses and economic losses, including but not limited to, out-of-pocket expenses for clean up and remediation, business losses, loss of income, and disruption of Plaintiffs and members of Plaintiffs' class' lives;

iii.    Medical Monitoring so that Plaintiffs can participate in a health surveillance program that can detect the manifestation of illness from their exposure to Defendants' chemical

release;

iv. Reasonable and just damages for nuisance, inconvenience and disruption of the lives of Plaintiffs and members of Plaintiffs' class;

v. Appropriate attorney fees and costs and expenses incurred in connection with the litigation of this matter;

vi. For an injunction requiring Defendant to clean and remediate and make safe Plaintiffs' homes, businesses, and places of employment so that Plaintiffs are not continually re-exposed to the products of combustion and hazardous substances.

vii. That Summons and process issue as to Defendants and that Defendants be served Summons and a copy of this First Amended Class Action Complaint as required by law and that Defendant be required to appear and answer;

viii. That this case be certified as a class action pursuant to Rule 23 of the Arkansas Rules of Civil Procedure;

ix. Plaintiffs demand a trial by jury; and

x. For such other and further relief as this Court may deem just, proper and equitable.


Respectfully Submitted,


M. David Karnas
**BELLOVIN & KARNAS, P.C.**
100 North Stone Avenue, Suite 1105
Tucson, AZ  85701
Telephone: 520-571-9700
Telecopier: 520-571-8556

Roger W. Orlando
**ORLANDO & KOPELMAN, P.C.**
Decatur Court, Suite 400
315 West Ponce De Leon Avenue
Decatur, GA  30030
Telephone: 404-373-1800
Telecopier: 404-373-6999
Email: roger@orlandokopelman.com


**DUNN, NUTTER & MORGAN, LLP**
State Line Plaza - Box 8030 - Suite Six
Texarkana, Arkansas 71854-5945
Telephone:  870-773-5651
Telecopier:  870-772-2037
Email: rgnutter@dnmlawfirm.com

By: _____
     **R. Gary Nutter**
     Arkansas Bar No. 71058

**ATTORNEYS FOR PLAINTIFFS**