IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| GLORIA BRADFORD, Individually and as Class Representative on Behalf of All Similarly Situated Persons; NED BURNETT, JR., Individually and as Class Representative On Behalf of All Similarly Situated Persons; SAMUEL ALEXANDER, Individually and as Class Representative On Behalf of All Similarly Situated Persons; BOOKS ETC., by and through GLORIA BRADFORD, Class Representatives on Behalf of All Those Similarly Situated; and STELLA PATRICIA SMITH, Individually and as Class Representative on Behalf of All Similarly Situated Persons, | § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CAUSE NO. 4:05-cv-4075 HFB |
| UNION PACIFIC RAILROAD COMPANY, | § § § § | |
| Defendant. | § | |

**UNION PACIFIC RAILROAD COMPANY'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant Union Pacific Railroad Company ("Union Pacific"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that within **[ten (10) days]** from the date of service hereof, the above-referenced plaintiffs-putative class representatives produce the following documents for inspection and copying at the offices of PATTON, ROBERTS, McWILLIAMS & CAPSHAW, L.L.P., 2900 St. Michael Drive, Suite 400, Texarkana, Texas 75503.

2365138.1

1

## DEFINITIONS AND INSTRUCTIONS

      A.      "Plaintiff," "you" and "your" means each and every plaintiff—putative class representative and their agents, employees, representatives, and other persons acting or purporting to act for or on their behalf (including but not limited to plaintiffs' attorneys, investigators, consultants and/or informants).

      B.      "Union Pacific" means defendant, Union Pacific Railroad Company, its directors, officers, employees, representatives, agents, and all persons acting for and on its behalf.

      C.      "Potential class member" means any individual or entity who has signed-up, retained an attorney, or taken some other affirmative action to become a member of the above captioned class action.

      D.      "Incident" means the train derailment on October 15, 2005, in Texarkana, Arkansas, which forms the basis for the Plaintiffs' Fourth Amended Class Action Complaint.

      E.      "Location" means the exact street address, postal address or legal description of the property or area.

      F.      "And/or" shall not be interpreted to limit or to create an election whereby one may choose one or more alternatives, but shall be interpreted to add, continue or further the subjects expressed, and to encompass all matters therein.

      G.      "Document(s)" include all written, printed, typed, recorded or graphic matter, however produced or reproduced, in your actual or constructive possession, custody, or control, including without limitation all writings, drawings, graphs, charts, photographs, phonograph records and sound reproduction tapes and data compilations from information that can be obtained or can be translated through detection devices into reasonably useable form.

H. When used with respect to a document, "identify" or "describe" means to state the type of document e.g., letter, memoranda, telegram, chart, photograph, etc., the author and addressee, including their business affiliations and titles, the date and form of the document, the present location and custodian of the document, and description of its contents. In lieu of identifying a document required by a Request for Production, it shall be deemed an acceptable response to this Request for Production to attach a legible copy of the document to the responses, and to make reference to the specific document so attached in the appropriate response. By responding in this fashion, you agree to waive all objections to the authenticity of the copy of the document so produced.

I. When used with respect to immovable or movable property, "legal relationship to" means to describe whether the person is/was the owner, naked owner, usufructuary, servitude holder, lessor, resident, occupant, mortgagor, mortgagee and/or lessee of the subject property.

J. When used with respect to an oral communication, "identify" or "describe" means to state exactly what was said, where, when, by whom, to whom, and the names of each person present.

K. If you lack information with respect to any Request for Production or sub-part thereof, please state that fact and give your best estimate as to the matter inquired about.

L. If you object to any Request for Production propounded below on the grounds that it requests information that falls within the attorney-client privilege or is protected by the work product doctrine, or for any other reason, please provide the following information as to each such objection:

    a. The nature of the privilege or doctrine you claim is applicable and the reason you invoke it;

   b.  If a document is involved, identify the document (as defined above) and identify each and every person known to you to have seen the document; and

   c.  If an oral communication is involved, identify each and every person known to you when the substance of the communication was disclosed.

 M. Documents that "relate(d) to" a subject matter are documents that constitute, contain, support, modify, contradict, criticize, discuss, mention, describe, record, report, reflect, pertain to, were prepared in connection with, or arise in any way from that subject matter.

 N. "Complaint" means your Fourth Amended Class Action Complaint.

 O. In responding to these requests, you must make a diligent search of your records and of any and all other papers and materials in your possession or available to you or your representatives. This request is continuing and your production must be supplemented to the extent required by law and the applicable rules.

## REQUEST FOR PRODUCTION

**REQUEST NO. 1:**

Any and all documents which support the damage claims of each plaintiff – putative class representative.

**REQUEST NO. 2:**

For each plaintiff -- putative class representative who claims to have sustained physical injury, illness and/or disease as a result of the Incident, please produce all medical bills, medical

records, medical reports, prescriptions, hospital records, diagnostic studies, health insurance documents and/or other health care records reflecting, evidencing, and/or related to the injuries, illnesses and/or diseases allegedly sustained as a result of this Incident. Please sign, have notarized and return the attached medical release form for each individual.

**REQUEST NO. 3:**

For each plaintiff -- putative class representative who claims to have sustained property damage or diminution in value of property as a result of the Incident, please produce:

(i) All documents which identify and describe any and all immovable property with which you claim to have a legal relationship (as defined above) and which evidence the nature of the legal relationship which affords you a cause of action;

(ii) All documents which identify and/or evidence the following with respect to the immovable property as of October 15, 2005: (a) owners; (b) naked owners; (c) usufructuaries; (d) servitude holders; (e) lessors; (f) residents and/or occupants; (g) mortgagors; (h) mortgagees; and (i) lessees;

(iii) The following documents with respect to the immovable property for the period January 1, 1996 through the date of your response: (a) all acts of sale; (b) all succession or donation documents affecting the subject property; (c) all servitude documents; (d) all leases or rental agreements; (e) all mortgages; (f) all property tax bills; (d) all water bills.

(iv) All documents reflecting evidencing and/or support your claim of the property damage and/or the diminution in property value;

(v) All documents reflecting surveys, inspections, appraisals, examinations, testing, modifications and/or repairs performed on the subject property for the period January 1, 1996 through the date of your response to this request;

(vi) All documents reflecting damage occasioned to the subject property which is not related to the Incident, including but

not limited to damage caused by weather, fire, floods, vandalism, etc.

**REQUEST NO. 4:**

For each plaintiff -- putative class representative who claims to have sustained emotional distress and/or fear of contracting an illness or disease as a result of the Incident, please produce all medical, psychiatric, psychological, hospital, social worker, minister, counselor, clinical records, drugstore or pharmacy records, bills, reports, prescriptions, diagnostic studies, health insurance records and/or other health care records supporting such claim.  Please sign, have notarized and return the attached Medical Release form for each individual.

**REQUEST NO. 5:**

For each plaintiff -- putative class representative who is making a claim for lost wages or income/benefits as a result of the Incident, please produce a copy of your United States, Arkansas, and local income tax returns, W-2 forms, and 1099 forms for the years 2000 to present.  Please sign, have notarized, and return for each individual the following attached authorizations: "Authorization for Release of Social Securities Records" and "Employment Records Release Authorization."

**REQUEST NO. 6:**

For each plaintiff—putative class representative who is making a claim for lost revenue or lost profit as a result of the Incident, please produce a copy of your records related to your sales and/or profits on prior Saturdays for the past two years, annual/quarterly or other periodic

profit & loss and income statements for the past two years and any and all documents reflecting, evidencing, and/or supporting your damages claims.

**REQUEST NO. 7:**

For each plaintiff-putative class representative who is making any other claims of economic and/or non-economic injuries as a result of the Incident, please produce any and all documents reflecting, evidencing, and/or supporting such claims.

**REQUEST NO. 8:**

Any and all documents (e.g., receipts or other records) which evidence your home, business, and/or other structure which was cleaned as a result of this Incident.

**REQUEST NO.9:**

A copy of each individual plaintiff—putative class representative's income tax returns from 2000-2005.

**REQUEST NO.10:**

Any and all documents which you completed or signed evidencing you were (or were entitled to) be reimbursed or paid for any damages by Union Pacific or any others (including but not limited to injuries, property damages, costs of evacuation and/or dislocation) you allegedly sustained as a result of this Incident.

**REQUEST NO. 11:**

2365138.1                               7


profit & loss and income statements for the past two years and any and all documents reflecting, evidencing, and/or supporting your damages claims.

**REQUEST NO. 7:**

For each plaintiff-putative class representative who is making any other claims of economic and/or non-economic injuries as a result of the Incident, please produce any and all documents reflecting, evidencing, and/or supporting such claims.

**REQUEST NO. 8:**

Any and all documents (e.g., receipts or other records) which evidence your home, business, and/or other structure which was cleaned as a result of this Incident.

**REQUEST NO.9:**

A copy of each individual plaintiff—putative class representative's income tax returns from 2000-2005.

**REQUEST NO.10:**

Any and all documents which you completed or signed evidencing you were (or were entitled to) be reimbursed or paid for any damages by Union Pacific or any others (including but not limited to injuries, property damages, costs of evacuation and/or dislocation) you allegedly sustained as a result of this Incident.

**REQUEST NO. 11:**

Any and all documents reflecting, evidencing, and/or related to the performance of any tests or examinations of any animals, birds, fishes, vegetation, crops, air, surface water, groundwater, sediment, soil, chemicals, substances, materials or structures which are related to the claims in your Complaint.  Please also produce a detailed written inventory describing sample type, location, test method(s), and present physical location of any samples which were collected or preserved in connection with each of those tests or examinations.

**REQUEST NO. 12:**

Any and all documents which relate to any communication between you (or your attorney) and any current or former employee, officer, director, shareholder, representative or agent of Union Pacific, concerning anything relevant to the claims in your Complaint.  Please also produce any documents received or generated as a result of any such communication.

**REQUEST NO. 13:**

Any and all documents which relate to any communication between you (or your attorney) and any potential class member(s), concerning anything relevant to the claims in your Complaint.  Please also produce any documents received or generated as a result of any such communication.

**REQUEST NO. 14:**

Any and all documents which reflect, evidence, or relate to the number of individuals and/or entities allegedly constituting the proposed class(es).

**REQUEST NO. 15:**

Any and all documents in your possession which were generated by Union Pacific.

**REQUEST NO. 16:**

Any and all documents, including but not limited to notes, logs, memoranda or diaries, maintained in connection with any of your activities that related to the claims in your Complaint (e.g., a claim form submitted to Union Pacific's Claims Office).

**REQUEST NO. 17:**

Any and all documents, including but not limited to photographs, videotapes, written or recorded statements, taken by you or on your behalf which are related to the claims in your Complaint.

**REQUEST NO. 18:**

Any and all documents, including but not limited to notes, logs, memoranda or diaries maintained in connection with any of your and/or potential class members' activities on October 15, 2005 and through the date of your response which are related to this Incident.

**REQUEST NO. 19:**

Any and all documents obtained by you or on your behalf which mention or relate to Union Pacific.

**REQUEST NO. 20:**

Any and all documents, including but not limited to letters, correspondence, memoranda, reports and all of the drafts of those reports to or from, and/or prepared by any of your consultants or experts or prospective consultants/experts.

**REQUEST NO. 21:**

Any and all documents, including but not limited to journals, notices, studies or other materials, which will be used by either you or any of your experts at the proposed hearing on class certification.

**REQUEST NO. 22:**

Any and all document, graph, chart, map and/or other exhibit which you may or will utilize and/or introduce at the proposed hearing regarding class certification.

**REQUEST NO. 23:**

A certified copy of any documents which reflect the appointment of tutors, undertutors, and/or administrators for any of the named plaintiff-putative class representatives and/or any potential class member.

**REQUEST NO. 24:**

Any and all documents memorializing or referencing any lawyer-client relationship you have established in respect to your claim(s) arising out of the Incident (e.g., engagement letter, contracts, memorandum etc.).

**REQUEST NO. 25:**

Please produce copies of all prior lawsuits filed by you, or on your behalf.

**REQUEST NO. 26:**

Any and all documents reflecting, evidencing, and/or supporting your allegations in paragraph 12 (including (i) and (ii)) of your Complaint.

**REQUEST NO. 27:**

Any and all documents reflecting, evidencing, and/or related to the Incident (e.g., police report, statements and/or report from the emergency response personnel, etc.).

**REQUEST NO. 28:**

To the extent not produced in response to the above, please produce any documents you relied upon, utilized, or reviewed in connection with your Answers to "Union Pacific Railroad Company's First Set of Interrogatories to Plaintiffs."

**REQUEST NO. 29:**

On January 5, 2006, and for sometime thereafter, counsel for Plaintiffs ran an advertisement in the Texarkana Gazette stating, "Proof of Claims applications will be completed on your behalf from *Saturday, January 21, 2006*, through *Friday, January 27, 2006* . . . . In further pursuit of settlement negotiations with Union Pacific Railroad Company, et al clients who are registered in the Class Action lawsuit can meet with your lawyers to complete Claim Forms detailing each person's losses and damages stemming from the October 15, 2005, train

derailment and chemical leak."  Please produce all Claims Forms and Proof of Claims applications completed by any putative class member on Saturday, January 21, 2006, through Friday, January 27, 2006.

                                        Respectfully submitted,

                                        _____

                                        George L. McWilliams
                                        Arkansas Bar No. 68078
                                        Sean F. Rommel
                                        Arkansas Bar No. 94158
                                        Leisa B. Pearlman
                                        Arkansas Bar No. 92070
                                        Jack T. Patterson II
                                        Arkansas Bar No. 95012
                                        **PATTON, ROBERTS,**
                                        **McWILLIAMS &  CAPSHAW, L.L.P.**
                                        2900 St. Michael Drive, Suite 400
                                        Post Office Box 6128
                                        Texarkana, Texas  75505-6128
                                        Telephone:  (903) 334-7000
                                        Facsimile:    (903) 334-7007

                                        **ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that Union Pacific Railroad Company's First Request for Production of Documents was served this ____ day of May, 2006 to the following:

M. David Karnas, Esq.
Bellovin & Karnas, P.C.
100 North Stone Avenue, Suite 1105
Tucson, AZ  85701

Roger W. Orlando, Esq.
Orlando & Kopelman, P.C.
Decatur Court, Suite 400
315 West Ponce de Leon Avenue
Decatur, GA  30030

R. Gary Nutter, Esq.
Dunn, Nutter & Morgan, L.L.P.
Suite 6, State Line Plaza, Box 8030
Texarkana, AR  71854-5945

                                                                                         _____